Morales, Peticionario y Apelante, *v.* Morales, Opositor
y Apelado.

Apelación procedente de la Corte de Distrito de Humacao
en pleito sobre administración judicial.

No. 2919.—Resuelto en julio 12, 1923.

Alegato Defectuoso—Relación de la Causa.—Un alegato en el cual, en vez
de establecer la relación de hechos que exige la regla 42 del reglamento del
Tribunal Supremo, el apelante se limita a invocar la que consignó en el ale-
gato que formuló ante la corte inferior, no cumple con los requisitos de
dicha regla. *Díaz* v. *Cividanes*, 29 D. P. R. 586.

Apelación—Administración Judicial — Transcripción Incompleta. — En este
caso se apeló de una resolución que rehusó el pago de honorarios de abogado
con cargo a cierta administración judicial que se alegaba debía pagarlos.
*Se resolvió:* que no formando parte de los autos el récord de la adminis-
tración judicial, el Tribunal Supremo no está en condiciones para decidir
si la resolución apelada es errónea o no.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Muñoz Morales.*

Abogados del apelado: *Sres. A. Mena* y *A. L. López.*

El Juez Asociado Sr. Franco Soto, emitió la opinión
del tribunal.

Este es un caso en cobro de ciertos gastos que se alegan
incurridos durante el curso de una administración judicial.

Manuel Morales Muñoz presentó una moción en la corte
inferior solicitando que se autorizara a la administradora
judicial para satisfacer al abogado del peticionario el pago
de las tres partidas siguientes:

"Por honorarios de abogado y gastos de tramitación del
　　expediente sobre declaratoria de herederos, promo-
　　vido por el peticionario (No. 8117) _____ $190.75
　Por honorarios de abogado y gastos de tramitación del
　　expediente sobre administración judicial, instituído
　　también por el peticionario (No. 8118) _____ $279.00
　Por honorarios de abogado y gastos de comparecencia
　　ante la Corte de Distrito de San Juan, Distrito Pri-
　　mero, en el caso civil núm. 513, promovido por Jaime
　　Rivas v. Herederos desconocidos de Eduardo Morales
　　Trigo, sobre cobro de servicios profesionales_____ $105.00"

Impugnada la procedencia de los expresados gastos, la corte inferior dictó resolución autorizando el pago de la tercera partida y denegándolo en cuanto a las dos restantes, fundándose para ello en que "los honorarios de abogado y gastos de tramitación de los expedientes sobre declaratoria de herederos y administración judicial, instituídos por el peticionario, no son desembolsos propiamente para ser cargados a los gastos de administración, especialmente en un caso como el presente en que hubo oposición y en definitiva se ha resuelto que el peticionario no es un heredero de Eduardo Morales Trigo."

No conforme el promovente con dicha resolución, ha establecido el presente recurso, pero en su alegato no se ajusta a lo que prescribe la regla 42 del reglamento de esta Corte Suprema. En primer lugar, dicho alegato no contiene una relación fiel y concisa de los hechos tal como constan en los autos, y en segundo lugar, no se hace una relación específica de los errores que se atribuyen cometidos por la corte inferior. El apelante, no obstante, a los efectos de establecer la relación de hechos, se refiere a los consignados en el alegato que formuló ante la corte inferior, pero no creemos que esto pueda dar por suplida la regla 42, y es práctica que ya ha sido rechazada por esta corte según así quedó expresado en el caso de *Díaz* v. *Cividanes,* 29 D. P. R. 586, donde se dijo:

"Las palabras 'que contendrá una relación fiel y concisa de la causa tal como conste en los autos,' tienen una significación definida, resultado de la experiencia de las cortes por mucho tiempo. Las palabras esencialmente significan que sería innecesario para la corte examinar los autos para determinar cuáles son los hechos esenciales sino solamente con el objeto de comprobarlos o averiguar hechos controvertidos. El apelante está obligado a hacer que la reseña de su caso conste en su alegato de modo que la corte pueda saber por ella cuáles son las cuestiones litigiosas envueltas."

En los errores que se discuten por el apelante tampoco

.se hace cita de autoridades ni de jurisprudencia que apoyen su contención, y si bien al referirse al segundo error .se hace mención del artículo 41 de la Ley de procedimientos legales especiales, no se aduce ningún razonamiento que pueda convencernos de su aplicación.

Por otra parte, solamente se ha elevado a esta corte copia de la moción, escrito de oposición y resolución de la corte. No existe ante esta corte ninguna constancia del récord en la administración judicial que pudiera ponernos en condiciones de examinar los méritos del caso tal como lo hizo la corte inferior, y la presunción es que su resolución está ajustada a derecho.

Por las razones expuestas debe confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.